1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 J & J SPORTS PRODUCTIONS, INC., | Case No. 1:12-cv-001507-LJO-SAB |
| 12 Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| 13 v. | (ECF Nos. 17, 18) |
| 14 VINCENT SAMUEL PAGLIARO, et al., | |
| 15 Defendants. | |

16

17       Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a motion requesting entry of

18 default judgment against Defendant Rene Roseann Pagliaro on July 18, 2013.  (ECF No. 17.)

19 Pursuant to Local Rule 230(g), the Court finds this matter suitable for decision without oral

20 argument, and the hearing set for August 21, 2013 is VACATED.  Having considered the moving

21 papers, as well as the Court's file, the Court issues the following order.[1]

22 **I.**

23 **BACKGROUND**

24       Plaintiff filed the complaint in this matter on September 13 2012.   (ECF No. 1.)

25 Plaintiff's complaint alleges that Defendants Vincent Samuel Pagliaro and Rene Roseann

26 Pagliaro, a.k.a. Rene R. Lawson, are the owners and/or operators of Vinny's Place, which is

27

28 _____

[1] Since the denial of entry of default judgment is not dispositive in this action, the Court shall proceed by order.

1

1   located at 21153 Road 600, Suite D, Madera, California 93638.  (Compl. ¶¶ 7-10.)

2       Plaintiff is the exclusive nationwide commercial distributor of "Star Power: Floyd

3   Mayweather, Jr. v. Victor Ortiz" ("the Program") which was telecast on Saturday, September 17,

4   2011.  (Id. at ¶ 18.)  Plaintiff alleges that Defendants illegally intercepted and displayed the

5   Program at their commercial establishment.  (Id. at ¶ 21.)  Plaintiff contends that Defendants'

6   actions violated 47 U.S.C. § 605 and 47 U.S.C. § 553.  (Id. at ¶¶ 17-31.)  Plaintiff also asserts a

7   conversion claim and a claim under California Business and Professions Code § 17200 against

8   Defendants.  (Id. at ¶¶ 32-45.)

9       Defendant Vincent Pagliaro filed a responsive pleading on January 14, 2013, however

10  Defendant Rene Pagliaro failed to file a responsive pleading.  On February 8, 2013, Plaintiff

11  requested an entry of default against Defendant Rene Pagliaro, which the Clerk of the Court

12  entered on February 11, 2013.  (ECF Nos. 11, 12.)  On July 18, 2013, Plaintiff filed the present

13  motion for default judgment; and on August 8, 2013 an affidavit in support of the application for

14  default judgment was filed.  (ECF No. 17, 18.)

15                                              **II.**

16                  **LEGAL STANDARDS FOR DEFAULT JUDGMENT**

17      Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which

18  states, in pertinent part:

19          (2) **By the Court.**  In all other cases[2], the party must apply to the
            court for a default judgment.  A default judgment may be entered
20          against a minor or incompetent person only if represented by a
            general guardian, conservator, or other like fiduciary who has
21          appeared.  If the party against whom a default judgment is sought
            has appeared personally or by a representative, that party or its
22          representative must be served with written notice of the application
            at least 7 days before the hearing.  The court may conduct hearings
23          or make referrals—preserving any federal statutory right to a jury
            trial—when, to enter or effectuate judgment, it needs to:
24              (A)  conduct an accounting;
                (B) determine the amount of damages;
25              (C) establish the truth of any allegation by evidence; or
                (D) investigate any other matter.
26

27  ───────────────────
    [2] Rule 55(b)(1) governs entry of default judgment by the clerk in cases where the plaintiff's claim is for a sum certain
28  or a sum that can be made certain by computation, which does not apply in this case.

1    Upon entry of default, the complaint's factual allegations regarding liability are taken as

2   true.  Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v.

3   Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008).  However, the complaint's factual allegations

4   relating to the amount of damages are not taken as true.  Geddes, 559 F.2d at 560.  Accordingly,

5   the amount of damages must be proven at an evidentiary hearing or through other means.

6   Microsoft Corp., 549 F. Supp. 2d at 1236.  Per Federal Rule of Civil Procedure 54(c), "[a] default

7   judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

8    Entry of default judgment is committed to the Court's discretion.  Eithel v. McCool, 782

9   F.2d 1470, 1471 (9th Cir. 1986).

10                                            **III.**

11                                       **DISCUSSION**

12    Plaintiff seeks default judgment totaling $112,200.00 against Defendant Rene Pagliaro.

13   (Decl. of Thomas P. Riley in Supp. of Pl.'s App. for Def. J. by the Court ("Riley Decl.") ¶ 6.)

14   Plaintiff only seeks to recover relief on his 47 U.S.C. § 605 claim and his conversion claim.

15   (Riley Decl. ¶¶ 6-7.)  In this instance, Plaintiff is seeking default judgment as to only Defendant

16   Rene Pagliaro, and her liability is factually and legally premised on the liability of the other non-

17   defaulting defendant, therefore entering default judgment at this stage in the proceedings would

18   be premature.

19    In relevant part, Federal Rule of Civil Procedure 54(b) provides that "when multiple

20   parties are involved [in an action], the court may direct entry of a final judgment as to one or

21   more, but fewer than all . . . parties only if the court expressly determines that there is no just

22   reason for delay."  The determination of whether to enter final judgment against some parties,

23   while allowing the suit to proceed against others, is within the discretion of the district court.  See

24   Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

25    In determining whether there is just reason for delay in entering a default judgment

26   against some, but not all defendants to an action, the court must consider whether entry of default

27   judgment could lead to logically inconsistent results.  In re First T.D. & Inv., Inc., 253 F.3d 520,

28   532 (9th Cir. 2001).  Where the claims against the defaulting and non-defaulting parties are easily

                                            3

1    separable and distinct, there is less of a chance that a default judgment would lead to inconsistent

2    results against the parties.  Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F.Supp.2d

3    995, 1005-10 (N.D. Cal. 2001).  However, in a case where the defendants are similarly situated so

4    that they would have similar defenses, entering default judgment against the defaulting defendant

5    could lead to an inconsistent result if the non-defaulting party were to ultimately prevail in the

6    action.  First T.D., 235 F.3d at 532.  Where the parties are similarly situated the district court

7    should withhold granting default judgment until the action is resolved on the merits against the

8    non-defaulting defendants, and if the non-defaulting defendants prevail, the action should be

9    dismissed against both the defaulting and non-defaulting defendants.  Frow v. De la Vega, 82

10   U.S. 552, 554 (1872).

11       In this instance, the Court cannot conclude that there is "no just reason for delay" so that

12   entry of default judgment against Defendant Rene Pagliaro would be appropriate while the action

13   continues against Defendant Vincent Pagliaro.  The defendants here are similarly situated as the

14   complaint alleges that same facts and claims against each of them.  The defenses that would apply

15   to Defendant Vincent Pagliaro could apply equally to Defendant Rene Pagliaro.  Accordingly,

16   should Vincent Pagliaro prevail in this action, the complaint should be dismissed against Rene

17   Pagliaro.  Entering default judgment at this stage in the proceedings could logically lead to

18   inconsistent results; and therefore, Plaintiff's motion for entry of default judgment is denied

19   without prejudice.

20                                              **IV.**

21                               **CONCLUSION AND ORDER**

22       Based on the foregoing, the Court HEREBY ORDERS that:

23       1.       Plaintiff's motion for default judgment, filed July 18, 2013, is DENIED, without

24                prejudice; and

25   ///

26   ///

27

28

4

2.      The motion hearing set for August 21, 2013, is VACATED.

IT IS SO ORDERED.

Dated:    **August 15, 2013**

UNITED STATES MAGISTRATE JUDGE