UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>VINCENT SAMUEL PAGLIARO AND RENE ROSEANN PAGLIARO, <br><br>Defendants. | 1:12-CV-1507-LJO-SAB <br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 20) |

## I. INTRODUCTION

This case concerns the televised broadcast of a boxing match on September 17, 2011 ("the Program"). The facts are straightforward. J&J Sports Productions, Inc., ("Plaintiff") filed a complaint against Vincent Samuel Pagliaro and Rene Roseann Pagliaro ("Defendants") on September 13, 2013. Doc. 1. Plaintiff alleges it was granted the exclusive nationwide commercial distribution rights of the Program, which Defendants unlawfully intercepted the transmission of the Program and exhibited it at their restaurant, Vinny's Place ("Vinny's") without Plaintiff's authorization.

Plaintiff alleges causes of action for (1) violation of 47 U.S.C. § 605 ("§ 605"); (2) violation of 47 U.S.C. § 553 ("§ 553"); (3) conversion; and (4) violation of California Business and Professions Code § 17200 et seq., also known as California's unfair competition law ("UCL"). On April 23, 2014, Plaintiff moved for summary judgment on its claims against Defendants for violation of § 605 and conversion. Doc. 20. Plaintiff asserts that it is entitled to summary judgment in its favor because there are no genuine issues of material fact as to Defendants' liability for these claims. Defendants failed to file a timely opposition to the motion. *See* Local Rule 230(c). Pursuant to Local Rule 230(g), the Court

decides Plaintiff's motion on the record without a hearing.

## II. **STANDARD OF DECISION**

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1132 (D. Ariz. 2007).  If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984.  In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in the original).  "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. Id. at 929. *See also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted).  "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391

U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. That remains the province of the jury or fact finder. *See Anderson*, 477 U.S. at 255. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." Id. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff asserts it is entitled to summary judgment on its claims for violation of § 605 and conversion because there is no genuine issue of material fact that Defendants are liable to Plaintiff for both claims. The Court agrees.

Plaintiff has successfully moved for summary judgment against other defendants for their unlawful exhibition of the Program. *See, e.g.*, *J&J Sports Prods., Inc. v. Delgado*, 2012 WL 371630, at *1, *5 (E.D. Cal. Feb. 3, 2013). In *Delgado*, Plaintiff brought suit against the defendant for exhibiting the Program and alleged, among other things, violation of § 605 and conversion. *Id.* at *1. The Court in *Delgado* laid out the applicable legal framework for alleged § 605 violations as follows:

> "The Federal Communications Act, 47 U.S.C. § 605 et seq., prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming." *Kingvision Pay–Per–View v. Guzman*, No. C 09–00217, 2009 WL 1475722, at *2 (N.D.Cal. May 27, 2009). Although § 605 did not originally address television signal piracy, amendments made to the statute in the 1980's "extended [its] reach to the unauthorized reception or interception of television programming." *DirecTV, Inc. v. Webb*, 545 F.3d 837, 843 (9th Cir. 2008).

2012 WL 37160, at *4.

Section 605 is a strict liability statute. *Joe Hand Promotions, Inc. v. Estradda*, No. 1:10–cv–02165, 2011 WL 2413257, at *7 (E.D.Cal. June 8, 2011). Thus, Plaintiff is entitled to summary judgment if Defendants showed the Program at Vinny's without Plaintiff's consent. The record shows that there is no genuine issue of material fact that Defendants did show the Program and that they did not have Plaintiff's authorization. Accordingly, Defendants violated § 605 and Plaintiff is therefore

3

entitled to summary judgment. *See Delgado*, 2012 WL 37160, at *4.

The court in *Delgado* also laid out the applicable legal framework for a claim of conversion as follows:

> Under California law, conversion requires a showing of (1) ownership of a right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992) . . . "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant." *Gilman v. Dalby*, 176 Cal. App. 4th 606, 615 n.1 (2009).

2012 WL 371630, at *4.

The parties do not dispute that Plaintiff had exclusive distribution rights of the Program. Defendants therefore misappropriated Plaintiff's property rights by showing the Program at Vinny's without its authorization, which caused Plaintiff economic damages. Because there is no genuine issue of material fact as to whether Defendants are liable to Plaintiff for conversion, Plaintiff is entitled to summary judgment on that claim.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's motion for partial summary judgment. The May 29, 2014 hearing date is VACATED.

IT IS SO ORDERED.

Dated:   **May 19, 2014**            /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE