# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VINCENT SAMUEL PAGLIARO, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01507-LJO-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 23, 24) |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a motion requesting entry of default judgment against Defendant Rene Roseann Pagliaro, a.k.a. Rene R. Lawson (hereafter Defendant Lawson),[1] on July 1, 2014. (ECF No. 23.) Pursuant to Local Rule 230(g), the Court finds this matter suitable for decision without oral argument, and the hearing set for August 6, 2014 is VACATED. Having considered the moving papers, as well as the Court's file, the Court issues the following order.[2]

## I.

## BACKGROUND

Plaintiff filed the complaint in this matter on September 13 2012. (ECF No. 1.) Plaintiff's complaint alleges that Defendant Vincent Samuel Pagliaro and Defendant Lawson are

---

[1] To avoid confusion, Defendant Renee Roseann Pagliaro shall be referred to as Defendant Lawson in this order.

[2] Since the denial of entry of default judgment is not dispositive in this action, the Court shall proceed by order.

1

the owners and/or operators of Vinny's Place, which is located at 21153 Road 600, Suite D, Madera, California 93638. (Compl. ¶¶ 7-10.)

Plaintiff is the exclusive nationwide commercial distributor of "Star Power: Floyd Mayweather, Jr. v. Victor Ortiz" ("the Program") which was telecast on Saturday, September 17, 2011. (Id. at ¶ 18.) Plaintiff alleges that Defendants Pagliaro and Lawson illegally intercepted and displayed the Program at their commercial establishment. (Id. at ¶ 21.) Plaintiff contends that Defendants' actions violated 47 U.S.C. § 605 and 47 U.S.C. § 553. (Id. at ¶¶ 17-31.) Plaintiff also asserts a conversion claim and a claim under California Business and Professions Code § 17200 against Defendants Pagliaro and Lawson. (Id. at ¶¶ 32-45.)

Defendant Pagliaro filed a responsive pleading on January 14, 2013, however Defendant Lawson failed to file a responsive pleading. On February 8, 2013, Plaintiff requested an entry of default against Defendant Lawson, which the Clerk of the Court entered on February 11, 2013. (ECF Nos. 11, 12.) On July 18, 2013, Plaintiff filed a motion for default judgment; and on August 8, 2013 an affidavit in support of the application for default judgment was filed. (ECF No. 17, 18.) On August 15, 2013, an order issued denying Plaintiff's motion for default judgment against Defendant Lawson. (ECF No. 19.)

On April 23, 2014, Plaintiff filed a motion for summary judgment against defendant Vincent Samuel Pagliaro on only two of the four claims raised against him in the complaint (ECF Nos. 20, 21.) On May 19, 2014, District Judge Lawrence J. O'Neill issued an order granting Plaintiff's motion for partial summary judgment against Defendant Pagliaro.[3] (ECF Nos. 22.) On July 1, 2014, Plaintiff filed a motion for default judgment against Defendant Lawson seeking $112,200.00 in damages. (ECF No 23.)

Currently, a trial on the claims remaining in this action against Defendant Pagliaro is set for October 28, 2014. (ECF No. 25.)

---

[3] Originally, the decision granted summary judgment against both Defendants, however on August 1, 2014, an order issuing amending the order. (ECF No. 26.)

## II.

## LEGAL STANDARDS FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for a default judgment after default is entered. The Court's decision whether to enter a default judgment is discretionary. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Factors that the Court may consider in exercising that discretion include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1235 (E.D. Cal. 2008). However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp., 549 F. Supp. 2d at 1236. Per Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

## III.

## DISCUSSION

As in the prior motion that was denied, Plaintiff seeks default judgment totaling $112,200.00 against Defendant Lawson. (Decl. of Thomas P. Riley in Supp. of Pl.'s App. for Def. J. by the Court ("Riley Decl.") ¶ 7, ECF No. 23-2.) Plaintiff only seeks to recover relief on the 47 U.S.C. § 605 claim and the conversion claim. (Id. at ¶¶ 6-7.) In this instance, Plaintiff is seeking default judgment as to only Defendant Lawson, and her liability is factually and legally premised on the liability of the other non-defaulting defendant. The allegations in the complaint are the same for both Defendant Pagliaro and Defendant Lawson and the defendants would be

jointly and severally liable for any damages to this action.

Plaintiff is seeking $110,000.00 in damages for the violation of the Federal Communications Act and $2,200.00 in damages for conversion. While Plaintiff's brief addresses the damages requested for the violations, it does not address whether default judgment should be granted in this action where there are still pending claims against all defendants based upon the same underlying facts.

In relevant part, Federal Rule of Civil Procedure 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The determination of whether to enter final judgment against some claims or parties, while allowing the suit to proceed against others, is within the discretion of the district court. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

In determining whether there is just reason for delay in entering a default judgment against some, but not all defendants to an action, the court must consider whether entry of default judgment could lead to logically inconsistent results. In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001). Where the claims against the defaulting and non-defaulting parties are easily separable and distinct, there is less of a chance that a default judgment would lead to inconsistent results against the parties. Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F.Supp.2d 995, 1005-10 (N.D. Cal. 2001). However, in a case where the defendants are similarly situated so that they would have similar defenses, entering default judgment against the defaulting defendant could lead to an inconsistent result if the non-defaulting party were to ultimately prevail in the action. First T.D., 235 F.3d at 532. Where the parties are similarly situated the district court should withhold granting default judgment until the action is resolved on the merits against the non-defaulting defendants, and if the non-defaulting defendants prevail, the action should be dismissed against both the defaulting and non-defaulting defendants. Frow v. De la Vega, 82 U.S. 552, 554 (1872).

Plaintiff is seeking judgment against Defendant Lawson on the two claims upon which summary judgment was granted, but there are still outstanding claims against Defendant Pagliaro

and Lawson that are based on the same underlying facts. Rule 54(c) provides that the final judgment should be the relief to which the party is entitled. At this time, any judgment entered in this action is not final. Until all claims in this action have been resolved, and the remaining claims against Defendant Pagliaro are decided by the trier of fact, the Court cannot conclude that there is "no just reason for delay" so that entry of default judgment against Defendant Lawson would be appropriate. Entering default judgment at this stage in the proceedings could logically lead to inconsistent results; and therefore, Plaintiff's motion for entry of default judgment against Defendant Lawson shall be denied until all outstanding claims have been decided by the trier of fact.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS that Plaintiff's second motion for default judgment, filed July 1, 2014, is DENIED without prejudice to be renewed once a final decision on all remaining claims in this action is issued.

IT IS SO ORDERED.

Dated:   **August 4, 2014**

UNITED STATES MAGISTRATE JUDGE