UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | 1:12-CV-1507-LJO-SAB |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S REQUEST FOR DAMAGES AND PLAINTIFF'S MOTION TO DISMISS (Doc. 28) |
| VINCENT SAMUEL PAGLIARO AND RENE ROSEANN PAGLIARO A/K/A RENE R. LARSON, dba Vinny's Place, | |
| Defendants. | |

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2012, Plaintiff J&J Sports Productions, Inc. ("Plaintiff") brought this case against Defendants Vincent Samuel Pagliaro ("Defendant Pagliaro") and Rene Roseann Pagliaro a/k/a Rene R. Larson ("Defendant Larson"[1]) (collectively, "Defendants"). Doc. 1 at 4-9. This case concerns the televised broadcast of a boxing match on September 17, 2011 ("the Program"). Plaintiff was granted the exclusive nationwide commercial distribution rights of the Program. Doc. 22 at 1. Defendants unlawfully intercepted the transmission of the Program and exhibited it at their restaurant, Vinny's Place ("Vinny's"), without Plaintiff's authorization. *Id.* There were 23 patrons present, though Vinny's capacity is 94 persons. Doc. 20-3 at 2. Plaintiff alleged four causes of action against Defendants for (1) violation of 47 U.S.C. § 605 ("§ 605"); (2) violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of California Business and Professions Code § 17200 *et seq*. Doc. 1 at 4-8.

On February 11, 2013, default was entered against Defendant Larson only. Doc. 12 at 1. Plaintiff

---

[1] Defendant Rene Roseann Pagliaro is also known as Rene R. Larson. *See* Doc. 1 at 1. For clarity, the Court will refer to her as "Defendant Larson."

1

filed motions for default judgment against Defendant Larson, *see* Docs. 17, 23, which the Court denied. *See* Docs. 19, 27.

On April 23, 2014, Plaintiff moved for partial summary judgment on its first cause of action (violation of § 605) and its third cause of action (conversion) against Defendant Pagliaro only. In its motion for summary judgment, Plaintiff asserted it was entitled to damages under § 605 and for its conversion claim, but the Court inadvertently failed to address damages.

On August 13, 2014, Plaintiff moved to dismiss as moot its remaining causes of action against Defendant Pagliaro (second and fourth causes of action) under Fed. R. Civ. P. 15(a). Doc. 28 at 2. The Court ordered Defendant Pagliaro to respond in writing to Plaintiff's motion to dismiss and its assertion in its motion for summary judgment that it is entitled to damages on or before October 3, 2014. Doc. 30 at 2. To date, Defendant Pagliaro has not filed a response.

Pursuant to Local Rule 230(g), the Court rules on the papers without oral argument. For the following reasons, the Court GRANTS Plaintiff's motion to dismiss.

## II. DISCUSSION

### A. Plaintiff's Motion to Dismiss.

Plaintiff moves to dismiss its two remaining claims against Defendant Pagliaro. "[W]ithdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings." *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005) (citing *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988)). Under Fed. R. Civ. P. 15, a plaintiff may voluntarily dismiss some, but not all, of its claims. *See Gen. Signal Corp. v. MCI Telecomm'ns Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995); *Hells Canyon*, 403 F.3d at 688-90.

Because Defendant Pagliaro has not complied with the Court's order to respond in writing to Plaintiff's motion to dismiss, he necessarily has not provided any reason for the Court to deny the motion. The Court cannot discern any reason why Plaintiff's motion to dismiss should not be granted. Accordingly, the Court GRANTS Plaintiff's motion to dismiss its second and fourth causes of action

against Defendant Pagliaro.

**B.  Plaintiff's Damages.**

Because the Court granted Plaintiff's motion for summary judgment on its § 605 and conversion claims, Plaintiff is entitled to damages for those claims. Under 47 U.S.C. § 605(e)(3)(C)(i)(II), Plaintiff is entitled to statutory damages "of not less than $1,000 or more than $10,000, as the court considers just" for each violation of § 605. The Court may award enhanced damages up to $100,000 for each violation if the violation was willfully committed for commercial advantage or private financial gain. 47 U.S.C. § 605(e)(3)(C)(ii).

Defendants willfully committed one violation of § 605 on September 17, 2011, when they broadcasted the Program at Vinny's without Plaintiff's authorization. *See* Doc. 22 at 3-4. Plaintiff requests both statutory damages and enhanced damages under § 605. *See* Doc. 20 at 15. Plaintiff "requests that this court utilize its discretion to make an award that both sufficiently compensates Plaintiff and functions as an effective deterrent." *Id.*

Other courts have found vastly different award amounts to be appropriate in similar circumstances. *See, e.g.*, *J & J Sports Prods., Inc. v. Tilakamonkul*, No. 1:10-cv-1705 AWI GSA, 2011 WL 2414550, at *4 (E.D. Cal. June 10, 2011) (awarding maximum $10,000.00 statutory damages and $20,000.00 in enhanced damages under § 605); *J & J Sports Prods., Inc. v. Paolilli*, No. 1:11-cv-680 LJO GSA, 2012 WL 87183, at *1 (E.D. Cal. Dec. 14, 2011) (awarding maximum $10,000.00 statutory damages and $30,000.00 in enhanced damages under § 605); *Joe Hand Promotions, Inc. v. Piacente*, No. 10-cv-3429, 2011 WL 2111467, at *6 (N.D. Cal. Apr. 11, 2011) (awarding $1,000.00 in statutory damages and $5,000.00 in enhanced damages under § 605); *J & J Sports Prods. v. Ho*, No. 10-cv-01883, 2010 WL 3912179, at *1 (N.D. Cal. Oct. 5, 2010) (awarding $1,600.00 in statutory damages and $10,000.00 in enhanced damages under § 605).

The Court finds that an award of $2,500.00 in statutory damages under § 605(e)(3)(C)(i)(II) and an award of $5,000.00 in enhanced damages under § 605(e)(3)(C)(ii) is appropriate here.

Plaintiff seeks $2,200.00 in conversion damages. *See* Doc. 20 at 19. Plaintiff asserts that a valid

licensing fee for Defendants to have legally broadcast the Program at Vinny's would have been $2,200.00. *Id.* (citing Doc. 21 at ¶ 8); *see also* Doc. 21at 17. The Court finds that Plaintiff is entitled to damages for conversion in the amount of $2,200.00.

### C. Plaintiff's Attorney's Fees and Costs.

As the prevailing aggrieved party, Plaintiff is entitled to an award of reasonable attorney's fees and costs under § 605(e)(3)(B)(iii) for the attorney's fees and costs associated with its § 605 claim. Plaintiff requests to submit its motion for attorney's fees and costs within 14 days from the entry of judgment in this case. Doc. 20 at 19.

The Court will not direct entry of judgment until after Plaintiff files a motion that will resolve the remaining claims against Defendant Larson. *See* Fed. R. Civ. P. 54(b). Plaintiff shall file a motion that resolves the remaining claims against Defendant Larson on or before October 24, 2014. If appropriate, the Court will direct entry of judgment thereafter and will set a deadline for the filling of a motion for attorney's fees and costs at that time.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court ORDERS that:

1. The October 17, 2014 hearing date on Plaintiff's motion to dismiss is VACATED. The Court GRANTS Plaintiff's motion to dismiss (Doc. 28). Plaintiff's second and fourth causes of action against Defendant Pagliaro are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff is awarded a total of $9,700.00 based on the Court's grant of summary judgment on Plaintiff's first and third causes of action in Plaintiff's favor and against Defendant Pagliaro.

3. Plaintiff shall file a motion to resolve the remaining claims against Defendant Larson on or before October 24, 2014.

IT IS SO ORDERED.

Dated:   **October 8, 2014**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

4