UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** <br><br> Plaintiffs, <br><br> v. <br><br> **VINCENT SAMUEL PAGLIARO, individually and dba Vinny's Place,** <br><br> Defendant. | 1:12-CV-1507-LJO-SAB <br><br> **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS (DOC. 33)** |

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns the televised broadcast of a boxing match on September 17, 2011 ("the Program"). The facts are straightforward. J&J Sports Productions, Inc., ("Plaintiff") filed a complaint against Vincent Samuel Pagliaro ("Defendant") and Rene Roseann Pagliaro[1] (collectively, "Defendants") on September 13, 2013. Doc. 1. Plaintiff alleges it was granted the exclusive nationwide commercial distribution rights of the Program, which Defendants unlawfully intercepted and exhibited at their restaurant, "Vinny's Place," without Plaintiff's authorization. *See id.* at ¶ 3.

Plaintiff alleged causes of action for (1) violation of 47 U.S.C. § 605 ("§ 605"); (2) violation of 47 U.S.C. § 553 ("§ 553"); (3) conversion; and (4) violation of California Business and Professions Code § 17200 et seq., also known as California's unfair competition law. *Id.* at 4-8. On April 23, 2014, Plaintiff moved for partial summary judgment on its claims against Defendant for violation of § 605 and conversion. Doc. 20. On May 19, 2014, the Court granted Plaintiff's motion for partial summary judgment. Doc. 22 at 4. On October 9, 2014, the Court awarded Plaintiff damages based on the Court's grant of summary judgment on Plaintiff's first and third causes of action in Plaintiff's favor. Doc. 31 at

---

[1] On February 11, 2013, default was entered against Defendant Rene Roseann Pagliaro, Doc. 12, and on October 23, 2014, Plaintiff voluntarily dismissed her. Doc. 34.

4. The Court also granted Plaintiff's motion to dismiss its two remaining causes of action against Defendant. *Id.*

Currently before the Court is Plaintiff's motion for attorneys' fees and costs under § 553.[2] Doc. 33. Defendant has not responded to the motion. (In fact, Defendant has not participated in this case aside from filing a one-line statement "deny[ing] all allegations" in the complaint. *See* Doc. 10 at 1.) The Court did not set a hearing for the motion and the parties did not request one. The Court finds it appropriate to rule on the motion without oral argument. *See* Local Rule 230(g). For the following reasons, the Court GRANTS IN PART Plaintiff's motion.

## II. DISCUSSION

### A.      Standard

Section 605 provides that the Court "*shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" on a claim for violation of § 605. 47 U.S.C. § 605(e)(3)(B)(iii) (emphasis added). It is undisputed that Plaintiff is an aggrieved party given that the Court entered judgment in Plaintiff's favor on its § 605 claim.

The Ninth Circuit uses the "lodestar" method to compute reasonable attorneys' fees, which represents the number of hours reasonable expended multiplied by a reasonable hourly rate. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001) (citation omitted). "[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citation omitted), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). The Court may reduce the number counsel claims if the documentation of hours is inadequate or if the claimed hours expended is excessive or unnecessary. *Id.*

### B.      Analysis

---

[2] The Court may award attorneys' fees and costs under § 553(c)(2)(C) to "[a]ny person aggrieved by any violation of subsection (a)(1) *of this section*." *Id.* § 553(c)(1). Because Plaintiff dismissed its § 553 claim, it is not entitled to fees under that section. In any event, Plaintiff is entitled to fees under § 605(e)(3)(B)(iii), as discussed below.

2

Plaintiff requests an award of "costs in the amount of $1,116.00 and attorneys' fees in the amount of $5,240.00." Doc. 33 at 5. Plaintiff's counsel, Thomas P. Riley, Jr., expended 3.70 hours at a rate of $500.00 per hour, his "Administrative Assistant" expended 15.90 hours at a rate of $100.00 per hour, and his "Research Attorney" expended 6.00 hours at a rate of $300.00 per hour for a total of $5,240.00 in attorneys' fees. *See* Doc. 33-1 at 9. Plaintiff spent $601.00 on "Investigative Expenses," $350.00 on the complaint filing fee, and $165.00 on service of process charges for a total of $1,116.00 in costs.

A recently issued order from the Eastern District, *J & J Sports Prods., Inc. v. Corona*, 12-cv-1844-LJO-JLT, 2014 WL 1513426 (E.D. Cal. Apr. 16, 2014), *adopted in full*, 2014 WL 1767691 (E.D. Cal. May 2, 2014), which involved the same counsel of record and the same procedural posture as in this case, is particularly instructive here. As in this case, Plaintiff's counsel's "Administrative Assistant" performed duplicative and non-compensable clerical tasks, and "block" billed. *See id.* at *2. "Given the lack of specificity and the clerical and duplicative nature of the tasks," Plaintiff was not awarded for the Administrative Assistant's hours expended. *Id.* The Court likewise declines to award Plaintiff fees for tasks completed by the Administrative Assistant for the reasons explained in *Corona*. *See id.* This results in a reduction of $1,590.00 from Plaintiff's award request. *See* Doc. 33-1 at 9.

Also like in *Corona*, Plaintiff requests an excessive hourly rate for its counsel. *See Corona*, 2014 WL 1513426, at *3. Plaintiff requests that Mr. Riley be awarded at a rate of $500.00 per hour, but the Court agrees with the conclusion in *Corona* that $350.00 is a reasonable rate for Mr. Riley. *See id.*; Doc. 33-1 at 9. This results in a reduction of $555.00 from Plaintiff's award request.

Plaintiff also requests that Mr. Riley's "Research Attorney" be awarded at a rate of $300.00 per hour for three hours expended. Doc. 33-1 at 9. As in *Corona*, "there is no evidence of the research attorney's experience." 2014 WL 1513426, at *3. The Court agrees with the conclusion in *Corona* that Plaintiff's counsel's Research Attorney should be awarded at a rate of $150.00 per hour. This results in a reduction of $900.00 from Plaintiff's award request.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, a total of $3,045.00 is deducted from Plaintiff's fee award request. Plaintiff's motion for attorneys' fees and costs is GRANTED in the modified amount of $2,195.00 in attorneys' fees and $1,116.00 in costs for a total award of $3,311.00. The Clerk of Court is directed to CLOSE this case.

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant Vincent Samuel Pagliaro. The judgment shall be for $9,700.00 in damages and $3,311.00 in attorneys' fees and costs. The Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   **December 11, 2014**          /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE